CHARLES H. GALLAGHER

*v*.

TRUE AMERICAN PUBLISHING COMPANY.

[Decided January 2d, 1909.]

1. The law will take account of the fraction of a day when justice so requires.

2. If on a day when this court adjudicates that a corporation is insolvent and appoints a receiver thereof in whom title to the company's real and personal property thereupon vests, a judgment is recovered and entered against the corporation at an earlier hour, the judgment is to be paid out of the proceeds of the sale of the company's land as a preferred claim, because the judgment was a lien upon the land at the time of the appointment of the receiver. *Doane* v. *Millville Mutual Insurance Co.*, *43 N. J. Eq. (16 Stew.) 522*, distinguished.

On appeal of the Trenton Trust and Safe Deposit Company, from the decision of the receiver of the defendant corporation refusing preference of a claim.

*Mr. Charles E. Gummere*, for the appellant.

*Messrs. James & Malcolm G. Buchanan*, for the receiver.

WALKER, V. C.

On April 28th, 1908, at ten minutes after four o'clock in the afternoon, a judgment was recovered in the supreme court of this state against the defendant company, impleaded with others. The suit was on a promissory note of which the defendant company was the maker, and, consequently, the party primarily liable. The other defendants were endorsers. At eight o'clock in the evening of the same day the bill of complaint in this cause was presented to this court, and an order was thereupon made appointing Edward L. Katzenbach, Esq., receiver of the defendant company. The bill and order were, according to the

practice, marked filed as of April 28th, 1908, the date of their presentation and consideration, and were actually filed in the clerk's office the next day. Mr. Katzenbach qualified as receiver on the 29th, the day the papers were lodged in the clerk's office.

A claim by the plaintiff as a preferred creditor against the defendant corporation in respect to the lands of the defendant was duly made and presented to the receiver, who disallowed it as a preference. Hence this appeal.

The solution of the question here presented depends upon whether the law will take account of the fraction of a day.

Our act concerning judgments (*Gen. Stat. p. 1841 § 2*) provides that a judgment shall bind lands from the time of the actual entry thereof on the records of the court.

Section 68 of our present Corporation act (*Rev. of 1896; P. L. pp. 277, 299*) provides that upon the appointment of a receiver the property of an insolvent corporation forthwith vests in him; and, therefore, the property of the defendant company vested in the receiver on the day the appellant's judgment was recovered. Qualification by giving bond and taking the statutory oath is only necessary to enable the receiver to act; it is not a prerequisite to the vesting of title in him. Further, the Corporation act (*P. L. 1896 pp. 277, 304 § 86*) provides that upon distribution by the receiver judgment creditors shall be preferred when the judgment has not been by confession for the purpose of preference.

In *Doane v. Millville Mutual Insurance Co., 43 N. J. Eq. (16 Stew.) 522*, it was held in this court that a *bona fide* judgment creditor is entitled to preference in payment of general creditors of an insolvent corporation, but that such preference does not include a judgment obtained against the company on the day when the court took control thereof by issuing an order restraining the company from transacting business. This proceeded upon the principle that the law knows no parts of days. This case was reviewed in the court of errors and appeals and reversed, but not upon the question to which reference has just been made.

In this case (*Doane v. Millville Mutual Insurance Co.*) the court of errors and appeals remarked (*45 N. J. Eq. (18 Stew.)*

*282*) that it was in accord with prevalent judicial views to hold that judgment creditors should be preferred so far as they had acquired liens, and if real estate had become subject to judgment, or if personal property had been bound by delivery of an execution to the sheriff, the rights thus created should not be disturbed. This observation appears to modify what was held by this court in the same case regarding the lien of judgment creditors whose judgments are recovered on the same day a bill in insolvency is filed against a corporation and the court takes control of it by the issuance of a restraining order; but does not, as I understand it, modify the views of this court in that case on the facts of that case which were before the court; for in that case there does not appear to have been any proof as to the time in which the judgment was entered with reference to the time when the order to show cause and restraining order was made. Had these facts been made to appear the decision of the court of chancery in that case might have been otherwise than it was; and, in the absence of such proof, the decision, to my mind, is unassailable. Certainly the court cannot take cognizance of a fraction of a day unless the particular time is brought to its attention. Regarding then the case of *Doane* v. *Millville Mutual Insurance Co.*, in this court, to have been decided with reference to the particular facts of that case, and having regard to the observation of the court of errors and appeals in the same case, effect can be given to the ruling in the latter court without holding that it overrules the decision of this court.

After all, the rule that the law does not take account of the fraction of a day, is, like almost every other rule, subject to exceptions, and one exception is that which is recognized in the contest between judgment creditors as to who has the prior lien by virtue of a levy made on the same day with another or with other levies. Now, as it is incumbent upon courts to decide who is first in point of time with reference to the delivery of a writ to a sheriff or other officer, and of the priority of a levy upon property as between several executions, it would be quite an anomaly, if not absurd, for this court to refuse to take account of time as between a judgment creditor and a receiver each claiming priority of right in the real estate of an insolvent cor-

poration, the judgment creditor by reason of the entry of a judgment, which, by the terms of the statute, is a lien upon the land of the defendant upon its entry, and the receiver in behalf of unsecured creditors, asserting that the judgment merely ascertains the amount of the debt due to the creditor, and that no lien thereunder exists upon the land in his possession and to which he holds title by virtue of the statute and order of his appointment.

The law does take account of parts of days in cases where it is essential so to do in order that justice may be done. *Johnson* v. *Pennington, 15 N. J. Law (3 Gr.) 188.* And the exact time of the entry of a judgment may be proved as matter *dehors* the record. *Hunt* v. *Swayze, 55 N. J. Law (26 Vr.) 33.*

The doctrine that the law will not take cognizance of the fractions of a day is a legal fiction, and it will not be permitted to work injustice. *Clark* v. *Bradlaugh, L. R. 7 Q. B. Div. 151, per* Justice Denman (at *p. 153*), and *per* Justice Williams (at *p. 154*) ; *affirmed, on appeal, S. C., 8 Q. B. Div. 63.*

In *Hoppock's Executors* v. *Ramsey, 28 N. J. Eq. (1 Stew.) 413*, it was held that where a conveyance of land was made on the same day that a judgment was recovered against the grantor, and there was no allegation or proof to show which preceded the other in point of time, the master's report that the judgment was entitled to priority should be sent back for further proofs. This is a decision to the effect that as between a judgment and a conveyance made on the same day, it is proper and lawful to show which preceded the other in point of time. And that is practically the question which is before me on this appeal. The petitioner is a judgment creditor, whose judgment was entered against the defendant at ten minutes past four o'clock on a certain day, and the receiver occupies the position of a grantee, upon whom title devolved, not by a deed it is true, but by act of the law operating through the order of his appointment, made at eight o'clock in the evening of the same day.

The fact is that the appellant's judgment was entered three hours and fifty minutes (practically four hours) before the appointment of the receiver, and the consequent divesting of title to its lands out of the defendant and into the receiver by virtue

of the order of his appointment. To hold that the appellant's judgment was not a lien upon the lands of the defendant at the time of the appointment of the receiver, would be to refuse to give effect to two statutes, namely, that which makes a judgment a lien upon lands from the time of its entry and that which provides that *bona fide* judgment creditors shall be paid by way of preference out of the assets of an insolvent corporation.

These views lead to a reversal of the decision of the receiver. I will advise an order that the appellant's judgment be paid by way of preference out of the proceeds of the sale of the defendant corporation's real estate in the hands of the receiver.